IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HR MAILING SERVICES, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-2464-N |
| | § | |
| UNITED STATES POSTAL SERVICE | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Henry Reed IV and Carla Reed, Individually and d/b/a HR Mailing Services, against the United States Postal Service. On December 16, 2005, plaintiffs tendered a three-page complaint and multiple attachments to the district clerk. Plaintiffs later filed an amended complaint and an application to proceed *in forma pauperis*. Because the information provided by plaintiffs in their pauper's affidavit indicates that they lack the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court now determines that this case should be summarily dismissed for lack of subject matter jurisdiction.

II.

HR Mailing Services, a presort service bureau, previously sought and obtained authorization to present Value Added mailings to the United States Postal Service. In January 2003, plaintiffs were told by a postal supervisor, in the presence of customers and others, that they were banned from the Dallas Bulk Mail Center. Plaintiffs now sue for slander, fraud, and intentional infliction of emotional distress. By this suit, plaintiffs seek $1 billion in compensatory and punitive damages for the irreparable harm caused to their business.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1) is frivolous or malicious;

(2) fails to state a claim upon which relief can be granted; or

(3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most

sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

The United States Postal Service has the general power to sue and be sued in its official name.  *See* 39 U.S.C. § 401(a)(1).  However, in actions sounding in tort, the remedies and restrictions of the Federal Tort Claims Act ("FTCA") apply.  *Id.* § 409(c); *see also Insurance Co. of North America v. United States Postal Service*, 675 F.2d 756, 758 (5th Cir. 1982).  One such restriction retains sovereign immunity for "[a]ny claim arising out of . . . abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."  28 U.S.C. § 2680(h).

The only claims alleged by plaintiffs in their complaint are slander, fraud, and intentional infliction of emotional distress.  Plaintiffs are precluded from suing the United States Postal Service for slander and fraud under the express terms of the FTCA.  Because plaintiff's intentional infliction of emotional distress claim is based on the same conduct, that claim is also barred.  *See Stidham v. United States*, No. 00-31080, 2001 WL 360682 at *1 (5th Cir. Mar. 13, 2001), *citing Truman v. United States*, 26 F.3d 592, 595-96 (5th Cir. 1994).  Accordingly, this case should be dismissed for lack of subject matter jurisdiction.

## **RECOMMENDATION**

Plaintiffs' complaint should be summarily dismissed for lack of subject matter jurisdiction

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 13, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE